IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-03672-RBJ

GIOVANNI RUIZ ADRIANO,

Petitioner,

v.

GEORGE VALDEZ, et al.,
in their official capacities,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Giovanni Ruiz Adriano's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1.

Petitioner is a 48-year Peruvian national who is currently detained at the Denver Contract Detention Facility in Aurora, Colorado. He entered the United States without inspection on or about August 5, 2023. He alleges that after doing so he turned himself in to the U.S. Department of Homeland Security for processing. On or around August 10, 2023 he was released on his own recognizance to continue his immigration proceedings outside of detention. He has moved to Denver, Colorado and alleges that he has checked in with his deportation officers at the U.S.

Immigration and Customs Enforcement office in Centennial Colorado and participate in regular supervision from August 10, 2023 to July 27, 2026.

On the latter date respondents re-detained Mr. Ruiz Adriano, allegedly without a warrant or probable cause, at a routine ICE check in. At that time he had no notice of any failure to comply with the conditions of his release. He has applied for asylum, and his wife and three of his children are riders on his pending asylum application. He has another child who is a resident married to a U.S. citizen He states that he has no criminal history of any kind, and that he has worked regularly to provide financial support for his family. He had been scheduled for an initial master hearing on his asylum application August 17, 2026. He believes that his arrest and detention have been motivated by the current administration's arrest quotas.

To protect the status quo and preserve this Court's jurisdiction, the Court hereby enjoins respondents from removing petitioner from the United States or transferring him out of Colorado unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this order or the case is terminated.

At this time, the Court takes no action with respect to the remainder of the relief sought in the Petition. The Court respects the urgency of a petitioner's allegations, as well as the expedited nature of habeas proceedings. Nevertheless, these considerations must be balanced with affording counsel for respondents, who

like the courts have been met with an avalanche of similar petitions, a reasonable time to assess the facts and legal issues from their perspective and respond appropriately.

To the extent not already done, counsel for petitioner is directed by Monday, August 31, 2026 to: (1) serve respondents with a copy of the Petition along with a copy of this Order, by email and overnight mail; and (2) promptly file proof of such service on the docket. Counsel for respondents shall promptly enter notices of appearance, and, within 14 days of service, respondents are ORDERED TO SHOW CAUSE as to why the Petition should not be granted by releasing petitioner. *See Yassine v. Collins*, 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. Jul. 7, 2025) (while 28 U.S.C. § 2243 refers to a three-day deadline, this requirement is "subordinate to the district court's authority to set deadlines" and granting respondents a 14-day deadline to respond) (omitting internal citations).

Dated: August 26, 2026.

BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge