IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-03672-RBJ

GIOVANNI RUIZ ADRIANO,

Petitioner,

v.

JUAN BALTAZAR, TODD BLANCHE,
TODD LYONS, MARKWAYNE MULLIN,
GEORGE VALDEZ,
in their official capacities,

Respondents.

---

**ORDER**

---

Before the Court is the petitioner Givanni Ruiz Adriano's ("petitioner" or "Mr. Ruiz Adriano") Petition for a Writ of Habeas Corpus ("Petition"). ECF No. 1. Among other relief, petitioner seeks an order granting his immediate release, or, in the alternative, an individualized bond hearing before a neutral arbiter. *Id.* at 17. Respondents have declined to submit an opposition brief. ECF No. 8. For the reasons below, the Court finds that Mr. Ruiz Adriano's mandatory detention is unlawful and orders his immediate release.

## I. Background

Mr. Ruiz Adriano is a Peruvian national who entered the United States on or about August 5, 2023. *Id.* at ¶ 17. Shortly thereafter, petitioner allegedly turned himself into the U.S. Department of Homeland Security ("DHS"). *Id.* at ¶ 18. On or around August 10, 2023, DHS issued the petitioner a Notice to Appear, initiated removal proceedings under 8 U.S.C. § 1229a, and released him on his own recognizance. *Id.* at ¶¶ 19–20.

Mr. Ruiz Adriano then moved to Denver, Colorado, where he consistently checked in with his deportation officers at the U.S. Immigration and Customs Enforcement ("ICE") office in Centennial, Colorado. *Id.* at ¶ 21. After almost three years of regular supervision, Mr. Ruiz Adriano was detained on July 27, 2026 during a routine ICE check-in. *Id.* at ¶¶ 21, 24. He had no notice of any failure to comply with his conditions of release, nor was he provided a warrant. *Id.* at ¶¶ 24, 30. Since then, Mr. Ruiz Adriano has been detained in Aurora, Colorado and has not received a bond hearing. *Id.* at ¶ 26.

Mr. Ruiz Adriano has no criminal history, built community ties in the U.S., and has worked regularly. *Id.* at ¶¶ 22, 23. He has three children, one of whom is married to a United States citizen. *Id.* at ¶ 23. His wife and two of his children were riders on his pending asylum application, which was scheduled for an initial master hearing on August 17, 2026. *Id.* at ¶¶ 23, 25.

## II. Legal Standard

A district court may grant a writ of habeas corpus to any person who demonstrates that he is "in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that his detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941). Section 2241 habeas proceedings are available as a forum for statutory and constitutional challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). Where the dispute is fundamentally legal in nature, the court may decline to hold a hearing. 28 U.S.C. § 2243; *see, e.g.*, *Garcia Cortes v. Noem*, 1:25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sep. 16, 2025). Here, neither party has requested a hearing, and the Court finds that no hearing is necessary.

## III. Discussion

### a. Mr. Ruiz Adriano's detention is unlawful.

Mr. Ruiz Adriano's detention is unlawful under the Fourth Amendment. An immigration officer can only conduct a warrantless immigration arrest if there is probable cause that: (1) the individual "is in the United States in violation of any [immigration] law or regulation," and (2) the individual is likely to escape before a warrant can be obtained for his arrest." *See* 8 U.S.C. § 1357(a)(2); *Roa-Rodriguez v. United States*, 410 F.2d 1206, 1209 (10th Cir. 1969) (adopting "probable cause" standard in interpreting "reason to believe" language in § 1357(a)(2)).

Mr. Ruiz Adriano was arrested without being provided with a warrant. However, immigrant agents failed to demonstrate probable cause that he is a flight risk. Mr. Ruiz Adriano has community ties and family in the United States. After being released on his own recognizance, he complied with supervision for almost three years and has a pending asylum application. When he was detained, he was attending a regularly scheduled check-in. ICE has not identified any circumstances that have changed since 2023 that warrant Mr. Ruiz Adriano's re-detention. Because the Court finds that Mr. Ruiz Adriano's detention is unlawful under the Fourth Amendment, it does not reach petitioner's remaining claims (Counts Two, Three, and Four).

**b. Release is the appropriate remedy.**

The Court now turns to the appropriate relief. "Federal district courts have broad equitable powers in ordering habeas relief," *Munoz Teran v. Bondi*, No. 25-cv-01218-KWR-SCY, 2026 WL 161527, at *6 (D.N.M. Jan. 21 2026), and have the power and authority to dispose of habeas corpus matters "as law and justice require." 28 U.S.C. § 2243.

Here, release is the only appropriate remedy that would restore the petitioner to status quo *ex ante*. ICE has unlawfully re-detained Mr. Ruiz Adriano despite there being no material change in circumstances since the release of Mr. Ruiz Adriano in 2023. Ordering a bond hearing would leave the petitioner worse off than before he

was re-detained, as he faces either continued detention or re-release under more onerous conditions. Thus, the appropriate remedy is the restoration of the petitioner's release on his own recognizance.

## IV. Conclusion

Therefore, it is hereby ORDERED that:

1. The Petition, ECF No. 1, is GRANTED. Respondents SHALL release petitioner from detention within 48 hours of this Order.
2. Respondents SHALL NOT impose additional release conditions other than those that petitioner was subject to prior to his July 27, 2026 arrest.
3. The parties SHALL, within five (5) days of this Order, file a joint status report informing the Court of the status of petitioner's release.
4. Respondents SHALL return to the petitioner any personal property belonging to the petitioner that they possess.
5. Respondents SHALL NOT transfer petitioner outside the District of Colorado or remove him from the United States pending resolution of this case.

It is SO ORDERED.

Dated: September 17, 2026

BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge